# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHAWAJA M. SIDIQI,<br><br>    vs.             Petitioner,<br><br>E. VALENZUELA, Warden,<br><br>                 Respondent. | CASE NO. 14-cv-1831-H (BGS)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On August 4, 2014, Petitioner Khawaja M. Sidiqi ("Petitioner"), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On October 17, 2014, Respondent filed a response to the petition. (Doc. No. 7-1.) On February 12, 2015, Petitioner filed a traverse. (Doc. No. 12.) On February 17, 2015, the magistrate judge issued a report and recommendation to deny the petition for writ of habeas corpus. (Doc. No. 13.) On March 26, 2015, Petitioner filed an objection to the report and recommendation. (Doc. No. 14.) After careful consideration, the Court denies the petition for writ of habeas corpus, overrules Petitioner's objection, and adopts the magistrate judge's report and recommendation.

/ / /

/ / /

## Background

### I. Procedural History

On April 22, 2010, the San Diego District Attorney's Office filed an information charging Petitioner with one count of carjacking in violation of California Penal Code (Penal Code) § 215(a). (Doc. No. 8-1 at 74.) The District Attorney's Office also alleged that Petitioner used a deadly and dangerous weapon during the commission of the carjacking in violation of Penal Code § 12022(b)(1) and § 1192.7(c)(23). (Id.) Before trial, Petitioner rejected the District Attorney's offer for a plea bargain that would have resulted in a three-year sentence. (Doc. No. 8-29 at 52.)

On September 22, 2010, a jury in San Diego Superior Court convicted Petitioner of carjacking. (Id. at 52.) The jury also found that Petitioner used a deadly weapon in the commission of a felony. (Id.) The superior court sentenced Petitioner to an aggregate prison term of six years, consisting of a five-year sentence for the carjacking conviction plus a consecutive one-year term for use of a deadly weapon during the commission of a felony. (Id. at 69, Doc. No. 8-10 at 2.) Petitioner appealed his conviction to the California Court of Appeal, Fourth Appellate District, Division One. (Doc. No. 8-7.) The state appellate court affirmed Petitioner's conviction. (Doc. No. 8-10.)

On December 27, 2012, Petitioner filed a petition for writ of habeas corpus in San Diego Superior Court. (Doc. No. 8-13.) Petitioner contended that his trial counsel was ineffective for failing to inform him that the prosecution allegedly offered Petitioner a plea bargain that would have resulted in a two-year sentence. (Doc. No. 8-13 at 4.) On December 6, 2013, the San Diego Superior Court held a post-conviction evidentiary hearing to determine whether the District Attorney's Office made Petitioner a plea offer for a two-year sentence. (Doc. No. 8-29.) After hearing testimony, the superior court concluded that the District Attorney's Office did not make a plea offer for a two-year sentence. (Id. at 52.) On December 6, 2013, the San Diego Superior Court denied Petitioner's petition for writ of habeas corpus. (Id. at 54.)

On March 4, 2014, Petitioner filed a petition for writ of habeas corpus in the state appellate court. (Doc. No. 8-34.) On April 8, 2014, the state appellate court denied the petition. In a reasoned opinion, the state appellate court took judicial notice of the evidentiary hearing and concluded that the prosecution never offered Petitioner a plea bargain for a two-year sentence. (Doc. No. 8-35.) On April 21, 2014, Petitioner filed a habeas corpus petition with the California Supreme Court. On June 18, 2014, the California Supreme Court summarily denied the petition. (Doc. No. 8-37).

On July 2, 2014, Petitioner filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner again asserts that his trial counsel was ineffective for failing to inform him that the prosecution offered Petitioner a plea bargain that would have resulted in a two-year sentence. (Id. at 6.)

**II.     Factual History**

The Court summarizes the following relevant facts from the California Court of Appeal opinion affirming Petitioner's direct appeal of his conviction. (See Doc. No. 8-10.) This Court, pursuant to § 2254(e)(1), presumes the following facts to be correct. 28 U.S.C. § 2254(e)(1).

Petitioner was 24 years old at the time of the offense. Petitioner legally immigrated from Afghanistan to the United States in 2000. Around 10:30 p.m. on April 5, 2010, Petitioner entered a cab. During the initial encounter with the cab driver, Petitioner hid his left hand behind his back. The cab driver twice asked Petitioner what was behind his back. Eventually, Petitioner lifted his shirt. A 10 to 12-inch bladed knife slid onto the street. The cab driver identified the knife in a photograph at trial.

The cab driver exited the cab. He stood outside of the left rear passenger door where Petitioner remained seated. The cab driver asked Petitioner what he was planning to do with the knife. Petitioner suddenly exited the cab, picked up the knife, and "raged" at the cab driver who was standing five feet away from Petitioner. Petitioner held his left hand "up in an attack." As the cab driver retreated, Petitioner told him he had "better run" because the cab driver "[didn't] want to be a part of what

was going on tonight."

Petitioner ran back to the cab and sat in the driver's seat. The cab driver watched from less than 20 feet away as Petitioner drove off in the cab. The cab driver's backpack, paper work, cell phone, and wallet remained in the cab with Petitioner.

After Petitioner drove away, the cab driver borrowed a phone to call 911. A San Diego County Sheriff's Deputy responded to the reported carjacking. After interviewing the cab driver, the deputy put out a broadcast describing the suspect and the stolen cab. About 30 to 40 minutes later, a police officer located the suspect and cab. The deputy drove the cab driver to Petitioner's location, where he identified Petitioner as the man who stole his cab. A search of the cab revealed a knife.

At trial, Petitioner did not testify on his own behalf or present any evidence. (Doc. No. 8-10 at 6.) A jury in San Diego Superior Court convicted Petitioner of one count of carjacking and found true allegations that he personally used a deadly and dangerous weapon. (Id. at 2.) The superior court sentenced Petitioner to an aggregate prison term of six years, consisting of a five-year sentence for the carjacking conviction plus a consecutive one-year term for use of a deadly weapon during the commission of a felony. (Id.)

**Discussion**

**I.    Standard of Review**

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged . . . ." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327

(1997); <u>Chein v. Shumsky</u>, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." <u>Id.</u> Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to," or "an unreasonable application" of United States Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1)-(d)(2).

A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if a state court either "applies a rule that contradicts the governing law set forth in [the United States Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); see also <u>Williams</u>, 529 U.S. at 405-06 (distinguishing the "contrary to" and the "unreasonable application" standards). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." <u>Williams</u>, 529 U.S. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Id.</u> The state court's "unreasonable application" of binding precedent must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. <u>Wiggins v. Smith</u>, 539 U.S. 510, 520-21 (2003) (citation omitted); see also <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75-76 (2003).

Additionally, even if a state court decision is "contrary to" United States Supreme Court precedent or rests on an "unreasonable determination" of facts in light of the evidence, the petitioner must show that such error caused substantial or injurious prejudice. Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at 637-38); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000). AEDPA creates a highly deferential standard toward state court rulings. Woodford v. Viscotti, 537 U.S. 19, 24 (2002).

In determining whether a state court decision is contrary to clearly established federal law, the district court looks to the state's last reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where there is an unexplained decision from the state's highest court, the district court "looks through" to the last reasoned state judgment and presumes that the unexplained opinion rests upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the magistrate's report, the district court reviews de novo those portions of the report. Id.

**II.  Analysis**

Petitioner contends that his trial counsel provided ineffective assistance by failing to inform him of a plea bargain that would have resulted in a two-year sentence. (Doc. No. 1 at 6.) Respondent asserts that Petitioner's claim lacks merit because the superior court held an evidentiary hearing and determined that the District Attorney's office never made Petitioner an offer for a plea deal that would have resulted in a two-year sentence. (Doc. No. 7-1 at 10.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 684-86 (1984). To establish ineffective assistance of counsel, a petitioner must first show his attorney's representation fell below an objective standard of reasonableness. Id. at 688. He must

also show that the errors caused him prejudice. Id. at 694. To establish prejudice, a petitioner must demonstrate that the attorney's error rendered the result unreliable or the trial fundamentally unfair. Id.; see also Fretwell v. Lockhart, 506 U.S. 364, 372 (1993). The Court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. Strickland, 466 U.S. at 697.

The Strickland test applies to claims alleging ineffective assistance of counsel stemming from a defense counsel's failure to communicate a formal plea offer to a defendant. Missouri v. Frye, 132 S. Ct. 1399, 1408-09 (2012) (holding that defense counsel has a duty to communicate formal offers from the prosecution). To prove deficiency, a petitioner must show that defense counsel failed to make a meaningful attempt to inform him of a plea offer before the offer expires. Id. at 1410. To prove prejudice, a petitioner must "demonstrate a reasonable probability [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel." Id. at 1409.

Petitioner claims his trial counsel was ineffective for failing to inform him that the prosecution supposedly offered Petitioner a plea offer that would have resulted in a two-year sentence. (Doc. No. 1 at 6.) Petitioner raised this claim in his habeas corpus petition filed in San Diego Superior Court. (Doc. No. 8-13.) The superior court held an evidentiary hearing to determine if the prosecution ever offered Petitioner a plea deal that would have resulted in a two-year sentence. (Doc. No. 8-29.)

At the evidentiary hearing, the superior court heard testimony from Petitioner and his trial counsel. (Id.) Trial counsel testified that during a conference on April 19, 2010, the prosecutor offered to drop the use of a weapon allegation in exchange for Petitioner pleading guilty to carjacking and accepting a three-year sentence. (Id. at 20.) Trial counsel testified that he made a counter-offer for Petitioner to plead guilty to robbery and receive the low term for that charge of two years. (Id. at 20-21.) Trial counsel also testified that Petitioner refused to plead guilty to the offer of a three-year

sentence (Id. at 23.)

At the conclusion of the evidentiary hearing, the superior court found that trial counsel informed Petitioner of the three-year plea deal on April 19, 2010. (Id. at 52.) The superior court also found that trial counsel informed Petitioner about counsel's counter-offer for a two-year sentence. (Id.) Finally, the superior court concluded that the prosecution never made a two-year offer to Petitioner, and denied the petition. (Id. at 51-54)

On January 31, 2014, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal. (Doc. No. 8-32.) The state appellate court applied the standard from In re Alvernaz, 2 Cal.4th 924, 937 (1992), and held that Petitioner's "counsel cannot be deemed ineffective for not informing [him] of a nonexistent offer." (Doc. No. 8-35 at 3.)

On June 18, 2014, the California Supreme Court denied the petition in an unexplained opinion. (Doc. No. 8-37 at 2.) Therefore, this Court "look[s] through" to the last reasoned state opinion. See Ylst, 501 U.S. at 806. The state appellate court's denial was not contrary to clearly established federal law, an unreasonable application of clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented in superior court. 28 U.S.C. §§ 2254(d)(1)-(d)(2). The state appellate court applied the legal standard from Alvernaz. (Doc. No. 8-35.) Alvernaz provides the same standard as Strickland for evaluating ineffective assistance of counsel claims with respect to plea deals. Compare Alvernaz, 2 Cal.4th at 937, with Frye, 132 S. Ct. at 1408-1409, and Strickland, 466 U.S. at 688. Thus, the state appellate court applied the correct legal standard to Petitioner's claim. Moreover, the state appellate court correctly deferred to the superior court's finding that the prosecution did not offer Petitioner a plea deal that would have resulted in a two-year sentence. See In re Burton, 40 Cal.4th 205, 214 (2006). Under Strickland, Petitioner's trial counsel had no responsibility to inform petitioner of a non-existent plea deal. See Frye, 132 S. Ct. at 1408-1409; See 2254(e)(1). Therefore, the state appellate court's opinion was not

contrary to clearly established federal law, an unreasonable application of clearly established federal law, or an unreasonable determination of the facts in light of the evidence presented in superior court. Accordingly, the Court denies Petitioner's petition for a writ of habeas corpus.

## Conclusion

For the foregoing reasons, the Court denies Petitioner's petition for habeas corpus, overrules his objection, and adopts the magistrate judge's report and recommendation. Additionally, the Court denies a certificate of appealability.

**IT IS SO ORDERED**.

DATED: June 3, 2015

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT